UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ELLIS,<br><br>      Plaintiff,<br><br>   v.<br><br>D. QUALLS, et al.,<br><br>      Defendants. | No. 2:14-CV-1875 AC P<br><br><u>ORDER TO SHOW CAUSE</u> |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Because this lawsuit may be subject to summary dismissal, plaintiff will not be assessed the statutory filing fee at this time. Accordingly, the request to proceed in forma pauperis will be held in abeyance.

<u>Duplicative Complaints</u>

The current complaint, filed August 8, 2014, alleges that plaintiff was "written up" on July 10, 2013 by defendant Qualls for participating in a "mass hunger strike" that began on July 8, 2013. ECF No. 1 at 4. He alleges that he was denied documentation showing that he participated in the hunger strike, that he was denied an "investigative employee" to investigate the matter, and that defendant Harper "already had his mind made up" that plaintiff was guilty. Plaintiff also

1

1  alleges that defendant Qualls falsified the "rule violation report," and that there were irregularities
2  and Due Process violations in how the violation was treated at each level of appeal.  ECF No. 1
3  at 2.  Plaintiff further alleges that defendant L. Lopez (the Appeals Coordinator) employed "stall
4  tactics" during the appeal process, in violation of plaintiff's Due Process rights, that defendant C.
5  Hammonds (the Appeals Examiner) "ignored the facts argued by the petitioner" during the
6  appeals process, and that defendant Zamora (the Chief of Inmate Appeals) "failed to properly
7  investigate" plaintiff's claims.  ECF No. 1 at 2.

8  Previously, on March 31, 2014, plaintiff filed a complaint against three of the same
9  defendants sued in the instant case, Qualls, Harper and Lopez.  See Ellis v. Faulk, 2:14-cv-0802
10 AC, ECF No. 1 (E.D. Cal. March 31, 2014) (Claire, M.J.).  That matter is still pending before the
11 undersigned.  The complaint was similarly based upon plaintiff's having been "written up" on
12 July 10, 2013 by defendant Qualls for participating in a "mass hunger strike" (the date of the
13 hunger strike is not specified in the earlier complaint).  The complaint also alleges that plaintiff's
14 Due Process rights were violated by irregularities in how the violation proceedings were handled.
15 Specifically, plaintiff complains that the report was written up by Qualls even though Qualls did
16 not witness the incident, and that he was found guilty by Harper based upon Qualls's report.  The
17 most recent amendment to this earlier complaint alleges that Qualls submitted a false violation
18 report as a retaliation measure.  The amended complaint goes on to complain about irregularities
19 in the appeal process, similar to allegations in the instant complaint.  See Ellis v. Faulk, 2:14-
20 cv-0802 AC, ECF No. 11 (E.D. Cal. October 6, 2014).

21                                    Discussion

22  It facially appears that the current action is duplicative of the first-filed action.   However,
23 "[p]laintiffs generally have no right to maintain two separate actions involving the same subject
24 matter at the same time in the same court and against the same defendant."  Adams v. California
25 Dept. of Health Services, 487 F.3d 684, 688 (9th Cir.) (internal quotation marks omitted), cert.
26 denied, 552 U.S. 1076 (2007).  The determination of whether the actions are duplicative is subject
27 to the test set forth in Adams:

28         To ascertain whether successive causes of action are the same, we

use the transaction test, developed in the context of claim preclusion. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) of Judgments § 24(1) (1982)). In applying the transaction test, we examine four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important." Id. at 1202.

Adams, 487 F.3d at 689-90.

Plaintiff is advised that the Court may dismiss as frivolous a complaint that merely repeats pending or previously litigated claims. 28 U.S.C. § 1915A; see Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Adams, 487 F.3d at 688 ("After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."). Plaintiff is further admonished that, if he fails to file a timely response to this Order to Show Cause, such failure may be deemed as consent to the dismissal of the instant action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall SHOW CAUSE within thirty days why this case should not be dismissed as duplicative of Case No. 2:14-cv-0802 AC; and

2. Plaintiff's application to proceed in forma pauperis is HELD IN ABEYANCE, pending resolution of this Order To Show Cause.

DATED: December 4, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE