UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ELLIS, | No.  2:14-cv-1875 AC P |
| Plaintiff, | |
| v. | ORDER |
| D. QUALLS, et al., | |
| Defendants. | |

I.   IN FORMA PAUPERIS

The court's prior order in this case denied plaintiff's application to proceed in forma pauperis, on the grounds that he was barred from proceeding under the "three strikes" rules of 28 U.S.C. § 1915(g), based upon four cited cases.

The court sua sponte reconsiders that decision, and finds that only two of the cited cases are strikes under the statute.  See Ellis v. Runnels, 2:06-cv-0040-FCD-EFB, ECF No. 22 (E.D. Cal. May 16, 2007) (failure to state a claim: challenge to prison regulation that prohibited prisoners from having images depicting female frontal nudity); Ellis v. Reddy (Doctor), 2:11-cv-0363-GEB-CKD, ECF No. 27 (E.D. Cal. Dec. 16, 2011) (failure to state a claim: asserting inadequate medical treatment and failure to refer to outside doctor).

"[A] dismissal must be final before it counts as a 'strike' for § 1915(g) purposes."  Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).  The dismissal is not final until plaintiff has

1

exhausted or waived his appeals, including review by the Supreme Court. Id., at 1100-01 ("The district court's dismissal in Bush therefore ripened into a 'strike' once the time for filing a certiorari petition expired").

The time for appeal, or for filing a petition for writ of certiorari, had not expired for the other two cited cases, at the time plaintiff filed them. See Ellis v. Bergsen, 2:14-cv-0705-EFB, ECF No. 8 (E.D. Cal. Jul. 25, 2014) (failure to state a claim: challenge to prison guard's confiscation of plaintiff's adult magazine; order denying timely motion for reconsideration entered August 19, 2014, and plaintiff filed here on August 8, 2014, before the expiration of his deadline for appeal in Bergsen); Ellis v. Faulk, 2:13-cv-2197 CKD, ECF No. 11 (E.D. Cal. Feb. 18, 2014) (frivolous and failure to state a claim: challenge to prison policy banning hair trimmers, nail clippers, and cream-filled pastries and cookies; Ninth Circuit mandate is dated October 6, 2014, and plaintiff filed here on August 8, 2014, before the appeal was exhausted in Faulk). Therefore, the cited cases do not support a finding that plaintiff is barred by the three-strikes rule.

## II.     DUPLICATIVE ACTION

On December 4, 2014, the court ordered plaintiff to show cause why his complaint should not be dismissed as duplicative of Ellis v. Foulk, 2:14-cv-0802 AC (E.D. Cal.). ECF No. 5. Plaintiff responded by stating that he had filed certain exhibits in error, and that "the petitioner request humbly that the petition no. 2:14-cv-0802 be dismissed, and that the exhibits be added to the original complaint for which there were intended." ECF No. 6 at 1.

The court finds that the cases are duplicative of each other, and interprets plaintiff's response to be an admission that the cases are duplicative of each other. Plaintiff has requested that the court dismiss the first-filed case as duplicative of the later-filed case, but the court does not understand plaintiff's explanation for why that should be done. The court accordingly will exercise its discretion to summarily dismiss the later-filed case as duplicative. See Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (the district court may exercise its discretion to dismiss a duplicative later-filed action).

////

////

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The court's prior order denying plaintiff's IFP application (ECF No. 7), is VACATED.

2. This action is SUMMARILY DISMISSED as duplicative of <u>Ellis v. Foulk</u>, 2:14-cv-0802 AC (E.D. Cal.), and accordingly, no filing fee is assessed.

DATED: January 8, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE